Marc S. Schechter, Bar No. 116190
Paul D. Woodard, Bar No. 282470
BUTTERFIELD SCHECHTER LLP
10021 Willow Creek Road, Suite 200
San Diego, California 92131-1603
(858)444-2300/FAX (858)444-2345
mschechter@bsllp.com
pwoodard@bsllp.com

Attorneys for Plaintiff Salvatore Laudicina

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION – LOS ANGELES

| | |
|---|---|
| SALVATORE LAUDICINA,<br><br>Plaintiff,<br><br>v.<br><br>MOTION PICTURE LICENSING CORPORATION, a California corporation; MOTION PICTURE LICENSING CORPORATION 401(k) PROFIT SHARING PLAN; and DOES 1 through 20,<br><br>Defendants. | CASE NO. 2:24-cv-1515<br><br>COMPLAINT FOR ACTIONS ARISING UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT<br><br>1. Claim for Benefits [29 U.S.C. § 1132(A)(1)(B)]<br>2. Failure to Provide Pension Benefit Statements [29 U.S.C. § 1025(A)]] |

Plaintiff Salvatore Laudicina ("Laudicina" or "Plaintiff"), in his individual capacity, by and through his undersigned counsel, files this Complaint against Defendants Motion Picture Licensing Corporation (the "Company" or "MPLC") and the Motion Picture Licensing Corporation 401(k) Profit Sharing Plan (the "Plan") (collectively referred to herein as "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, et seq., and more particularly 29 U.S.C. §§ 1132(a)(1)(B) and 1025(a).

/././

## JURISDICTION AND VENUE

2. **Subject Matter Jurisdiction**. This Court has subject matter jurisdiction over the first and second causes of action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. **Personal Jurisdiction**. ERISA provides for nation-wide service of process pursuant to ERISA § 502, 29 U.S.C. § 1132. All defendants are either residents of the United States or subject to service in the United States, and this Court therefore has personal jurisdiction over them. Moreover, jurisdiction is proper against MPLC because it is based in Los Angeles, California, transacts business in the State of California, and caused Plaintiff's injury within the State of California, as more specifically described herein.

4. **Venue**. Venue is proper within this district pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in Los Angeles, California, within this District; the breaches took place within this District; some or all of the events or omissions giving rise to the claims occurred in this District; and/or at least one of the Defendants may be found within this District.

## THE PARTIES

5. Laudicina is a resident of Travis County, Texas. At all times relevant to this action, Laudicina was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. MPLC is a Delaware corporation with its headquarters in Los Angeles, California. MPLC conducts business throughout the State of California, including the district where this action is filed. At all relevant times, MPLC was a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary control respecting management of the Plan, and/or had discretionary authority or discretionary responsibility in the administration of the Plan.

/././

7. The Plan is a defined contribution plan within the meaning of ERISA § 3(34), 29 U.S.C. § 1002(34), sponsored by MPLC.

8. Does 1 through 20 are fictitiously named defendants whose true names and identities have not yet been ascertained, but who, upon information and belief, are in some way responsible for the harm alleged by Plaintiff in this Complaint. Once such defendants have been properly identified, Plaintiff will request leave of the Court to amend this Complaint in order to incorporate these defendants using their true names and identities.

## FACTUAL BACKGROUND

9. Plaintiff is a former long-time employee of MPLC, who worked diligently to build MPLC throughout his thirty-two years of service. Plaintiff retired from MPLC effective December 31, 2019.

10. During his employment at MPLC, Plaintiff became eligible to participate in the Plan.

11. Following his retirement, Plaintiff opted to keep his vested account benefits in the Plan instead of taking an immediate distribution.

### MPLC's Failure to Provide Critical Plan Documents

12. At all times relevant to this action, MPLC had an established policy and procedure of sending a "401(k) Profit Sharing packet" (the "Distribution Packet") and an annual Benefit Statement to Plan participants eligible for a distribution. The Plan documents were regularly distributed in November following the Plan Year they pertained to and prior to the Plan's December 31 distribution election deadline.

13. The MPLC Human Resources Department concurrently maintained procedures ensuring that a response from each Plan participant was provided regarding their distribution election prior to the December 31 deadline.

14. On or about November 28, 2021, Plaintiff received a Distribution Packet from Yvette Axsom, an MPLC Human Resources employee, via email.

15. The Distribution Packet included the following documents: (1) Notice to Terminated Vested Participants (notifying Plaintiff of his vested benefits amount under the Plan); (2) Special Tax Notice regarding Plan payments (notifying Plaintiff of the tax treatments of benefit payments); (3) Election of Benefits form (providing for a formal election to receive Plan benefits); and (4) Payment Election for Qualifying Distribution (providing for a formal election to receive vested Plan benefits in a lump sum or payment in an IRA or rollover).

16. On or about November 29, 2021, Plaintiff received his 2020 Benefit Statement from Rick Khosrovian, the MPLC Vice President and Corporate Controller, via email.

17. After receiving the Distribution Packet and 2020 Benefit Statement, Plaintiff declined to elect a distribution of his vested account balance in 2021.

18. In 2022, contrary to MPLC's established policy and procedure, Plaintiff did not receive a Distribution Packet, 2021 Benefit Statement, or Summary Annual Report ("SAR"), either via email or U.S. mail.

19. In fact, after communicating with other former MPLC employees and Plan participants, Plaintiff discovered that he was the **only** Plan participant entitled to a distribution in 2022 who did not receive a Distribution Packet, 2021 Benefit Statement, or SAR.

20. Promptly after Plaintiff's discovery of these facts, on or about January 9, 2023, Plaintiff emailed Mark Brownlie ("Brownlie"), Trustee of the Plan, and requested copies of the Distribution Packet, 2021 Benefit Statement, and SAR.

21. On or about January 10, 2023, Plaintiff received his 2021 Benefit Statement from Brownlie via email. In the same email, Brownlie mispresented to Plaintiff that his requested Plan documents were previously sent to an incorrect email address which the Company had on file for him.

/././

22. However, contrary to Brownlie's misrepresentation of facts, Plaintiff's email address had never changed and was routinely used by MPLC in the prior years to send Plan documents.

23. In fact, when Plaintiff requested proof to support Brownlie's assertion that the requested Plan documents were previously emailed to an incorrect email address, Plaintiff's request was ignored and no supporting documentation was provided. The company protocol was to send this important information via U.S. mail if there was no reply via email or the email address was incorrect.

24. Evidently, no efforts were made by MPLC to ensure a successful delivery of Plan documents to Plaintiff during 2022. Although the other 401(k) Plan Trustee, David Davis, was in communication with Plaintiff only a few months earlier in 2022.

25. On or about January 27, 2023, Brownlie admitted to Plaintiff that his 2021 Benefit Statement and SAR were not provided "[d]ue to an oversight" by the Company.

26. Nevertheless, Defendants continue to excuse themselves of culpability by wrongfully accusing Plaintiff of failing to request the Plan documents, which are annually provided to eligible Plan participants without any formal request.

27. As a result of Defendants' actions, Plaintiff was unaware of his vested account balance as of December 31, 2021, until January 10, 2023.

28. Had Plaintiff been timely provided his 2021 Distribution Packet, Benefit Statement, and SAR, he would have elected a distribution of his entire account balance, which was $1,216,087.34 as of December 31, 2021.

29. Due to MPLC's failures, Plaintiff was unable to request a distribution of his account by the December 31 deadline in 2022.

/././

30. However, the account balance had decreased to $960,110.23 by December 31, 2022.

31. Consequently, due to Defendants' failures and "oversight," Plaintiff suffered substantial losses in the amount of $255,977.11.

### Plaintiff's Exhaustion of Administrative Remedies

32. On or about May 11, 2023, Plaintiff submitted his formal claim for benefits under the Plan, requesting a distribution of his total vested benefits as of December 31, 2021, in the amount of $1,216,087.34 ("Claim for Benefits").

33. On or about May 30, 2023, MPLC denied Plaintiff's Claim for Benefits.

34. On or about July 21, 2023, Plaintiff appealed MPLC's denial of his Claim for Benefits ("Benefit Claim Denial Appeal").

35. In a letter dated August 7, 2023, MPLC issued its final determination in connection with Plaintiff's Benefit Claim Denial Appeal and denied the appeal ("Final Determination Letter"). However, due to an error by MPLC's legal counsel, Plaintiff's legal counsel (Butterfield Schechter LLP) did not actually receive the Final Determination Letter via mail until September 25, 2023.

### FIRST CAUSE OF ACTION

### (Claim for Benefits [Pursuant to ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B)] Against All Defendants)

36. Plaintiff incorporates by reference the above paragraphs as though fully set forth herein.

37. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of the plan, and/or to clarify his right to future benefits under the terms of the plan.

/././

38. The Motion Picture Licensing Corporation 401(k) Profit Sharing Plan constitutes an "employee benefit plan" within the meaning of 29 U.S.C. § 1002, et seq., as an employee pension benefit plan – providing for retirement benefits to eligible employees.

39. At all times relevant to this action, Plaintiff was a participant in the Plan within the meaning of 29 U.S.C. § 1002, et. seq.

40. Despite Plaintiff's entitlement to a distribution of his vested account balance under the Plan as of December 31, 2021, MPLC improperly and unlawfully withheld Plaintiff's Distribution Packet, 2021 Benefit Statement, and SAR during the 2022 Plan year.

41. As a result of MPLC's and the Plan's trustees' failure to provide any Plan documents and their intentional "oversight," Plaintiff remained uninformed of the value of his 401(k) account as of December 31, 2021, until January 10, 2023. Due to the Defendants' failures, Plaintiff was unable to request a distribution of his entire vested account as of December 31, 2021. Had Plaintiff been provided the Plan documents, he would have requested a distribution of his entire vested account as of December 31, 2021. Plaintiff's vested benefits in the Plan constituted twenty percent (20%) of the overall plan's assets.

42. Plaintiff has satisfied all conditions precedent necessary to prosecute this action.

43. Plaintiff has performed all conditions, covenants, and promises required of him to be performed in accordance with the terms and conditions of the Plan.

44. As a direct and proximate cause of Defendants' actions and omissions, Plaintiff has been deprived of benefits to which he is entitled and thus suffered damages in an amount no less than $255,977.11.

/././

/././

45. Pursuant to 29 U.S.C. § 1132(a)(1)(B), Plaintiff, as a participant of the Plan, is entitled to sue for a judicial determination and enforcement of his rights under the Plan and a recovery of benefits which he is owed under the Plan.

46. Plaintiff is also entitled to and seeks recovery of attorneys' fees and costs of suit incurred herein pursuant to 29 U.S.C. § 1132(g)(1).

## SECOND CAUSE OF ACTION

## (Failure to Provide Pension Benefit Statements [Pursuant to 29 U.S.C. § 1025(a)] Against All Defendants)

47. Plaintiff incorporates all previously alleged paragraphs as though fully set forth herein.

48. Plaintiff brings this cause of action for a violation of 29 U.S.C. § 1025(a).

49. Defendant MPLC, as administrator of the Plan, failed to provide Plaintiff, a participant of the Plan, with any pension benefit statements in compliance with the requirements of 29 U.S.C. § 1025(a) because the statements it did provide failed to include the value of each investment to which assets in the Plans' individual accounts had been allocated, including the value of any assets held in the form of employer securities, in violation of 29 U.S.C. § 1025(a)(2)(B).

50. Pursuant to 29 U.S.C. § 1132(c)(1), Plaintiff seeks to recover an amount of up to $110 a day from the date of each such failure.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. A judicial determination that Defendants are required by law to furnish the above-identified Plan documents to Plan participants without any formal written request for such;

2. A judicial determination that Plaintiff is entitled to a distribution of his vested account balance as of December 31, 2021, under the terms of the Plan;

3. An Order awarding benefits to Plaintiff in an amount no less than $1,216,087.34 under the Plan;

4. An Order awarding a statutory penalty of $110 per day to Plaintiff from February 1, 2021, to the present pursuant to 29 U.S.C. § 1132(c)(1);

5. An Order that Defendants provide Plaintiff with annual Benefit Statements in compliance with 29 U.S.C. § 1025(a) until such time as he receives a full distribution of his benefits under the Plan;

6. An Order awarding attorneys' fees and costs to Plaintiff pursuant to 29 U.S.C. § 1132(g)(1); and

7. For such further relief as the Court deems appropriate and just.

DATED: February 23, 2024         BUTTERFIELD SCHECHTER LLP


By: /s/Paul D. Woodard
MARC S. SCHECHTER
PAUL D. WOODARD
Attorneys for Plaintiff
Salvatore Laudicina